WILLIAM SCULLY v. CINCINNATI (CITY) ET AL.

LIABILITY OF FORMER OWNER OF APPROPRIATED PROPERTY FOR ASSESSMENT.

The lien of a street assessment against property appropriated by the city for park purposes is merged in the higher title of the fee thereby acquired, and the city is entitled to retain the present value of assessments remaining unpaid from the amount assessed as compensation to the land owners.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 723-735.—Ed.]

ERROR to Hamilton common pleas court.

Nine annual installments of a lien for a street assessment remained unpaid at the time of the appropriation by the city for park purposes of the property so assessed. In making its order of distribution of the amount assessed by the jury as compensation to the land owners, the court below retained a sufficient sum to satisfy the claim of the city for the unpaid assessments. From this order an appeal was taken.

**J. C. Healy,** for plaintiff in error.

**J. R. Schindel,** for defendants in error.

GIFFEN, J.

While it does not appear from the cross petition of the city auditor when the work of improving the street was commenced nor when the assessing ordinances were passed, enough appears in the record, as against a demurrer, to show that the assessments were made and were liens upon the real estate in question at the time the same was appropriated for a public park. *Makley* v. *Whitmore,* 61 Ohio St. 587-592 [56 N. E. Rep. 461].

Laning 3594 (B. 1536-110), provides that, "The jury shall be sworn to make the whole inquiry and assessment," and the record shows that they assessed the compensation to be paid for the several lots to the owner or owners of each particular lot.

Hamilton County.

Whether or not the city was an owner by reason of its lien upon the real estate for unpaid assessments is immaterial, as its claims were adverse to the lot owners, and the adjustment of such claims is provided for by Lan. 3595 (B. 1536-111).

If no such adjustment were had in this proceeding, the lien would be merged in the higher title of the fee thereby acquired. The city was entitled to only the present value of the annual assessments; but the lot owners having declined to plead further, after demurrer overruled, will be deemed to have waived such defense.

Judgment affirmed. Same entry in the case of *Scully, Administrator*, v. *Cincinnati (City) et al.* and *Burnet* v. *Cincinnati (City) et al.* (4289 and 4290).

**Jelke** and **Swing, JJ.**, concur.